# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

DENNIS PALMER,

    Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS
OF SEQUOYAH COUNTY;
JOHNNY PHILPOT, in his official capacity
as Sheriff of Sequoyah County;
ROBERT GUDE, individually;
FRANKLIN LIGHTFOOT, individually; and
SHANE MCHALE, individually;

    Defendants.

Case No. CIV-07-012-RAW

## ORDER

Before the Court is the Motion to Reconsider the Court's Order of October 18, 2007 filed by Defendants, the Board of County Commissioners of Sequoyah County (the "Board") and Johnny Philpot, Sheriff of Sequoyah County (the "Sheriff") [Docket No. 94]. In the Court's October 18, 2007 Order, the Court granted summary judgment on the state claims against the Board and the Sheriff, but did not grant summary judgment on the § 1983 claims against them. The Court ruled that while 60 O.S. § 176 et seq. allows a county to create a trust to run a jail, nothing in that statutory language alleviates a sheriff's statutory liability for the jail under 19 O.S. § 513. The Court also denied the Board's motion for summary judgment on the § 1983 claims. The Board and the Sheriff now ask that the Court reconsider its October 18, 2007 Order and grant the Board's and the Sheriff's motions for summary judgment [Docket Nos. 45 and 47] in their entirety.

Defendants argue that this Court's ruling goes against the ruling in <u>Tulsa Co. F.O.P., Lodge No. 188 v. Board of County Commissioners of Tulsa Co.</u>, 995 P.2d 1124 (Okla. 2000). The Court does not agree. In <u>Tulsa Co. F.O.P.</u>, the Oklahoma Supreme Court held that 19 O.S. § 744 and 57 O.S. § 51, the statutes allowing the privatization of county jails, are constitutional; that the Tulsa County Criminal Justice Authority ("TCCJA") did not exceed its authority by privatizing the jail; and that the legislature had the authority to and did alter the duties of the sheriff.

As Defendants note, the portion of that case most relevant here is the portion ruling that the legislature "had the authority to and did in fact alter the <u>duties</u> of sheriff." <u>Id</u>. at 1127 (emphasis added). Clearly, the duties of the Sheriff with regard to running the jail changed when the Justice Authority was created. The Court maintains its ruling, however, that nothing in the statutory language allowing counties to create public trusts to carry out officials' duties relieved the Sheriff of his statutory liability. The Court understands why Defendants make this argument in reliance upon <u>Tulsa Co. F.O.P.</u>, but the language in that case confirms only that counties may alter their sheriffs' duties with regard to running the county jails. The Oklahoma Supreme Court does not state, and it does not logically follow, that a sheriff's duty to oversee the running of the jail and ultimately his liability for civil rights violations at the jail is lifted.

In fact, as Plaintiff notes, the statutory language placing liability squarely on sheriffs for keeping county jails took into account situations in which some of a sheriff's duties might be delegated. "The sheriff shall have the charge and custody of the jail of his county, and all the prisoners in the same, and shall keep such jail himself, <u>or by his deputy or jailer, for whose acts he and his sureties shall be liable</u>." 51 O.S. § 513 (emphasis added). The statute is clear that the Sheriff

2

is liable. He may keep the jail himself or that duty may be delegated, but even when the duty is delegated, he is liable for the jailer's acts.

The Court has also reconsidered its Order with regard to the Board and agrees that the Board is entitled to summary judgment on all claims. As the Board notes, "[u]nder Oklahoma law, the Board has no statutory duty to hire, train, supervise or discipline the county sheriffs or their deputies." Meade v. Grubbs, 841 F.2d 1512, 1528 (10th Cir. 1988). The Tenth Circuit further held that "[c]onsequently, unless the Commissioners voluntarily undertook responsibility for hiring or supervising county law enforcement officers, which is not alleged, they were not 'affirmatively linked' with the alleged assault." Id.

Sequoyah County has created a public trust, the Sequoyah County Criminal Justice Authority (the "Justice Authority"), to carry out the Sheriff's duties with regard to running the county jail. Counties act through their boards of county commissioners. While the Board undertook to create the Justice Authority, the Court does not believe that by this action, the Board voluntarily undertook any responsibility for hiring or supervising any county law enforcement officers or jailers. The Board then is not "affirmatively linked" with the alleged assault.

It is true that "[c]ounties are ultimately responsible for insuring that their jails meet legislative and administrative standards." Tulsa Co. F.O.P., 995 P.2d at 1130. The Oklahoma Supreme Court further held that "the county acting through the TCCJA, not the TCCJA itself, is implementing the legislative policy by approving policies and operating procedures for the new county jail." Id. As the Court noted in its October 18, 2007 Order, however, Plaintiff has brought suit against the Sheriff in his official capacity, and that is the same as an action against the County. The Board is not a necessary or proper party to this action.

3

The Court acknowledges that Defendants are no doubt correct that Plaintiff could have brought suit against the Justice Authority also. Plaintiff, however, was correct to bring the action against the Sheriff. The Court further notes that Defendants do not argue that Sequoyah County is not ultimately liable. They argue only that Plaintiff was incorrect in bringing this action against the the Sheriff in his official capacity and should have brought it instead against the Justice Authority. The Court made it crystal clear to counsel on more than one occasion that the Court does not appreciate such games; and Defendants' counsel confirmed that he would represent the County no matter which entity was named. If Sequoyah County would prefer to be sued through the Justice Authority, its counsel should have cooperated with Plaintiff and the Court to substitute that party rather than waste the Court's time with motions for summary judgment when all parties are clear that Sequoyah County is ultimately liable if a civil rights violation took place in any event.

The Court has reconsidered its ruling in the October 18, 2007 Order. Defendants' Motion to Reconsider [Docket No. 94] is hereby GRANTED in part and DENIED in part. The Court maintains its prior ruling on the Sheriff's motion for summary judgment [Docket No. 47], granting summary judgment on the state claims and denying it on the § 1983 claims. The Board's motion for summary judgment [Docket No. 45] is now GRANTED in its entirety.

IT IS SO ORDERED this 9th day of November, 2007.

**Dated this 9th Day of November 2007.**

J4h4i0

Ronald A. White
United States District Judge
Eastern District of Oklahoma