# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DENNIS PALMER,<br><br>    Plaintiff,<br><br>v.<br><br>(1) JOHNNY PHILPOT, as Sheriff of Sequoyah County;<br>(2) FRANKLIN LIGHTFOOT, individually;<br>(3) ROBERT GUDE, individually; and<br>(4) SHANE McHALE, individually<br><br>    Defendants. | Case No. CIV-07-012-RAW |

## ORDER

On May 1, 2008, this court entered an Order ruling on Plaintiff's motion to appeal *in forma pauperis* (hereinafter "IFP"). Taking into consideration the documents and information regarding Plaintiff's income and expenses the court had at that time, and taking into consideration the general factors in <u>Brewer v. City of Overland Park Police Dept.</u>, 24 Fed.Appx. 977,979 (10th Cir. 2002), the court granted the motion in part and denied the motion in part. The court stated that it believed that Plaintiff is able to pay his filing fees in small monthly payments.

In case any confusion exists about the court's Order on May 1, 2008, the court intends that Plaintiff will be treated as if he is proceeding on appeal IFP. For example, he should be able to obtain a transcript of the trial in this case <u>without having to pay in advance</u>. The court simply instructs that Plaintiff is to pay his filing fees, the costs for the transcript(s) and any other such costs in monthly installments of fifty dollars ($50.00).

The May 1, 2008 Order instructed that Plaintiff was to supply the court with certain additional documents no later than May 23, 2008. The court stated that after it received those

documents, it may reconsider its ruling. The Order also instructed that Plaintiff was to make his first $50.00 installment by May 16, 2008. The court stated that failure to timely pay the fee will result in a notification of his failure to pay being sent to the Tenth Circuit, which could result in dismissal of his appeal.

Plaintiff missed his first and second monthly $50.00 installments. Because the court understands that Plaintiff was likely holding out for a reconsideration of the court's May 1, 2008 Order, the court will not at this time send notification of his failure to pay to the Tenth Circuit. Instead, the court gives Plaintiff another chance. Plaintiff's first $50.00 installment is due on or before July 3, 2008. The remainder of his installments shall be paid on or before the first Friday of each month. Again, the court reminds Plaintiff that failure to make his monthly payment may result in a notification of his failure to pay being sent to the Tenth Circuit. Additionally, as the court noted previously, any unpaid balance at the conclusion of his case will be paid out of any settlement or judgment he may receive.

On May 23, Plaintiff filed his Response to the May 1, 2008 Order ruling on his motion to appeal IFP. The Response included some, but certainly not all, of the documents the court requested. In his Response, Plaintiff states, "[i]f you do not grant pauper status you should recuse yourself from this case so another judge can be appointed immediately and pauper status can be granted immediately and the appeal can begin." Accordingly, he court construes Plaintiff's Response as a motion to reconsider the Order ruling on Plaintiff's motion to appeal IFP and, in the alternative, a motion for this court to recuse itself.[1]

---

[1] The jurisdictional posture of this case at this point is somewhat problematic. Once a case is on appeal, the district court no longer has jurisdiction over the issues on appeal. "The filing of a notice of appeal . . . is an event of jurisdictional significance–it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case

# MOTION TO RECONSIDER
# ORDER RULING ON MOTION TO APPEAL IFP

The court "has discretion in deciding whether or not to grant a civil litigant permission to proceed IFP." Brewer, 24 Fed.Appx. at 979 (citing 28 U.S.C. § 1915(a)). The court has reconsidered its Order ruling on Plaintiff's motion to appeal IFP, and hereby reaffirms that ruling. Again, taking into consideration the documents and information regarding Plaintiff's income and expenses the court has before it and taking into consideration the factors in Brewer, the court believes that Plaintiff is able to pay his filing fees in small monthly payments. Accordingly, the court reaffirms its ruling in this May 1, 2008 Order.

## MOTION FOR THIS COURT TO RECUSE

Plaintiff has requested that this court recuse itself from this case if it decides not to grant IFP status. Plaintiff does not, however, cite any law to support the proposition that this court should recuse itself. In any event, the court, notes that under 28 U.S.C. § 455(a), a judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." The statute contains an objective standard which requires disqualification "only where a reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality." In re McCarthy, 368 F.3d 1266, 1269 (10th Cir. 2004). This means that the judge "must recuse

---

involved in the appeal." United States v. Graham, 248 Fed.Appx. 929, 931 (10th Cir. 2007)(quoting Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982)). While the court does have jurisdiction to rule on the motion for IFP pursuant to Rule 24(a)(1) of the Federal Rules of Appellate Procedure and presumably, also has jurisdiction to rule on a motion to reconsider that ruling, the court is not certain it has jurisdiction to rule on Plaintiff's motion to recuse. To the extent he argues on appeal that the court should have recused from this case entirely, the court no longer has jurisdiction over that issue. The court reads Plaintiff's motion as requesting the court to recuse only from the motion for IFP, however, and to the extent the court has jurisdiction, will make a ruling.

himself when there is the appearance of bias, regardless of whether there is actual bias." Bryce v. Episcopal Church in the Diocese of Colorado, 289 F.3d 648, 659 (10th Cir. 2002).

Upon review, the court does not find recusal appropriate. Plaintiff's primary arguments appear to be that the court should now recuse because it has showed bias or impartiality against Plaintiff in the following ways: (1) by "yelling" at him in front of the jury; (2) by not allowing him to show videos of his injuries to the jury; (3) by denying him the right to counsel; (4) by holding the trial when Plaintiff was not yet ready; (5) by "stealing" from him when it imposed a tax on him for a wasted jury selection; and (6) by not granting him full IFP status.[2]

As to his first argument, the court did not "yell" at Plaintiff in front of the jury. Of course, the court admonished both Plaintiff and Defendants' counsel at times throughout the trial with regard to the proper way to present evidence. The court was, however, extremely patient and cordial with Plaintiff throughout the trial. In fact, the court told Plaintiff several times during the trial that he was doing a good job. At the conclusion of the trial, the court also spent a considerable amount of time instructing the jury regarding Plaintiff's right to represent himself. The court explained to the jury that if the court ever seemed harsh with Plaintiff or Defendants' counsel, the court was merely assisting them in presenting their evidence in a proper and expeditious manner. The court further instructed the jury that any "scoldings" regarding the presentation of evidence should not reflect on the merits of Plaintiff's claims. In any event, "a judge's ordinary efforts at courtroom administration, even if stern and short-tempered, are immune from charges of bias and partiality." United States v. Nickl, 427 F.3d 1286, 1298 (10th Cir. 2005).

Defendant's second argument is that the court should have allowed him to present "films of

---

[2]Plaintiff's arguments were not necessarily presented in this order. Plaintiff's Response is somewhat jumbled. For simplicity's sake, the court assigned numbers to his arguments.

4

the damage to [his] body by the events of this case." The court did not allow Plaintiff to present a video of a surgery of his right shoulder because it had nothing to do with the Defendants in this case. The court did not allow Plaintiff to present a video of a surgery of his left shoulder because there was no proper foundation for it and it would have been unduly prejudicial to the Defendants. The court does not believe that these evidentiary rulings give rise to an appearance of bias or impartiality.

Plaintiff's third, fourth and fifth arguments are all in reference to this court granting Plaintiff's attorneys' motions to withdraw. After a hearing on the record on November 6, 2007, during which Plaintiff referred to the court as "Bud," the court granted his attorneys' motions. A jury had already been selected for this case. Because the court found that the disagreements with his counsel were most likely the fault of Plaintiff himself, the court taxed one quarter of the cost of the wasted jury selection to Plaintiff. The court continued the trial. Plaintiff chose not to hire a new attorney. The court selected a new jury on February 2, 2008, and this case went to trial on February 20, 2008. The court denied Plaintiff's motion filed on February 20, 2008 to continue the trial date again.

As to Plaintiff's third argument, the court did not deny him of his right to counsel. This is not a criminal case in which Plaintiff has the right to appointed counsel if he cannot afford an attorney. "[T]he Sixth Amendment right to counsel is explicitly confined to criminal prosecutions." United States v. Mustek Paragon 600 Pro Flat-Bed Scanner, 162 F.3d 1175 (10th Cir. 1998). Moreover, if Plaintiff wanted to hire new counsel, he could have done so. He had more than three months to do so.

As to Plaintiff's fourth argument, if he was not ready for trial on February 20, 2008, that is not the fault of the court, but of Plaintiff himself. This case was filed on December 14, 2006. After

5

Plaintiff's attorneys withdrew, this court continued the trial so that Plaintiff would have time to retain new counsel and prepare for trial. Plaintiff had more than three months to do so.

As to his fifth argument, the record is clear that the court imposed the tax of one quarter of the cost of the wasted jury on Plaintiff because the court believed that Plaintiff's disagreements with his counsel were the fault of Plaintiff. During the hearing on his attorneys' motions to withdraw, Plaintiff recounted the disagreements and continued arguing with his attorneys . His combative and disrespectful attitude at the hearing supported the court's belief that Plaintiff was to blame for the disagreements with his attorneys. At the hearing, the court stated that it would tax the entire cost to Plaintiff. Upon discovering the high cost of the jury, however, the court took pity on Plaintiff, and only taxed him with one quarter of the cost. The court does not believe that its decision to tax Plaintiff with one quarter of the cost of the wasted jury selection creates an appearance of bias or impartiality.

Plaintiff's final, or perhaps primary, argument appears to be that if the court does not grant him full IFP status, the court should recuse itself. The court has discretion in deciding whether to grant IFP status. As the court stated previously, it took into consideration the factors in <u>Brewer</u> and all of the documents and information before it regarding Plaintiff's income and expenses. The court believes that Plaintiff is capable of paying his filing fees and costs for transcript(s) in this action. The court further believes that Plaintiff's motion for the court's recusal if he does not get his way is simply an attempt at forum shopping. The court will not assist him in that endeavor.

The court is not biased against Plaintiff. Moreover, the court does not believe that any of Plaintiff's arguments, nor all of his arguments taken together as a whole, rise to the level necessary to demonstrate an appearance of bias or impartiality. Furthermore, early during the trial in this case,

the court asked the parties if they would rather have a magistrate judge hear the case. Plaintiff replied by stating, "I like you," indicating that he wanted this court to hear his case. Plaintiff now requests that the court recuse from the IFP decision if it does not give Plaintiff the decision he wants. This is a clear attempt at forum shopping. It would be improper for the court to acquiesce. Accordingly, the motion to recuse is denied.

**CONCLUSION**

The court has reconsidered its Order on Plaintiff's motion to proceed on appeal IFP, and hereby reaffirms that Order. Plaintiff shall be treated as if he has IFP status, but shall make monthly payments in the amount of $50.00. He shall make such payments until he has covered his filing fees, the cost for any transcript(s) he requests and any other such costs. Although Plaintiff missed his first and second monthly installments, the court hereby gives Plaintiff another chance to proceed with his case.

His first payment is due on or before July 3, 2008. All subsequent payments shall be made on or before the first Friday of each month. Failure to make his monthly payment may result in a notification of his failure to pay being sent to the Tenth Circuit. Any unpaid balance at the conclusion of his case will be paid out of any settlement or judgment he may receive. The court has considered Plaintiff's motion for the court to recuse itself, and hereby denies that motion.

IT IS SO ORDERED this 27th day of June, 2008.

**Dated this 27th Day of June 2008.**

J4h4i0

Ronald A. White
United States District Judge
Eastern District of Oklahoma